DONALD MCAULEY *vs.* CHAS. M. TRACY and trustee and LAWRENCE G. TRACY, claimant.

*Necessaries within the meaning of R. S., c. 86, § 55.*

Groceries furnished an unmarried person and used in the family in which he is boarding, being taken in payment for his board, are not necessaries "furnished him or his family" within the meaning of R. S., c. 86, § 55.

ON EXCEPTIONS.

ASSUMPSIT for groceries furnished to the defendant or his order, and which, it is admitted, had not been paid for.

The trustee, George W. Ladd, disclosed an amount due the principal defendant, less than twenty dollars, for personal services performed within a month prior to the service of the writ upon him.

At the time the groceries were sold to defendant he was an un-married man and boarded with his mother. The family consisted of himself, his mother, a brother, and a sister. The brother and sister paid their board to the mother and the defendant paid his board in part by the provisions, to recover pay for which this suit was brought. These provisions were consumed by the family.

Upon these facts the court charged the trustee, and Lawrence G. Tracy, who became a party to the suit as claimant of the money in the hands of the trustee, filed exceptions.

*T. W. Vose*, for the claimant.

*P. G. White*, for the plaintiff.

APPLETON, C. J. This case finds that there was less than twenty dollars due the principal defendant for personal services earned within one month prior to the service of the plaintiff's writ.

The goods specified in the bill of particulars were delivered on the defendant's order. At that time he was boarding with his mother, whose family consisted of the defendant and his brother and sister. The defendant paid his board to his mother by the goods sued for, which were carried into and consumed by the family.

The question presented is whether the goods sold the defendant on credit were "necessaries furnished him or his family" within the meaning of R. S., c. 86, § 55.

The goods furnished were not necessaries for the family of the defendant, for he was unmarried and had none.

They cannot be regarded as necessaries for the defendant, for they were not procured for his use, but for that of the family in which he was boarding and to the head of which he was indebted for board. They paid his board precisely as if it had been paid by money. If he had borrowed money with which to pay his board the money borrowed would not have been necessaries with-in the meaning of the statute. The board was the necessary

thing. Whether the defendant borrowed money or bought goods on credit with which he paid for what was necessary makes no difference. The goods purchased were the means by which payment was made for what was necessary. The necessaries furnished the defendant and the goods with which payment was made cannot both be regarded as necessaries within the statute. If he had paid for board with a silk dress purchased for his mother, the silk dress would not be deemed a necessary for him, though the board would be. *Exceptions sustained.*

*Trustee discharged.*

CUTTING, WALTON, DICKERSON, DANFORTH, and PETERS, JJ., concurred.